You-Gao v. Holder

BIA
Chew, I.J.
A095 800 469

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RALPH K. WINTER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

YU LIN YOU-GAO,
> *Petitioner,*

v.                       13-486
                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Jason Wisecup,

**Trial Attorney, Civil Division,**
**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yu-Lin You-Gao, a native and citizen of the People's Republic of China, seeks review of a January 18, 2013, order of the BIA affirming the June 1, 2011, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *See In re Yu-Lin You-Gao*, No. A095 800 469 (B.I.A. Jan. 18, 2013), *aff'g* No. A095 800 469 (Immig. Ct. N.Y. City June 1, 2011).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that substantial evidence supports the agency's finding that You-Gao's testimony was not credible. First, the IJ found that You-Gao's demeanor called his credibility into question, a finding that we give "particular weight." *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). You-Gao argues that the IJ "creat[ed] an assumption of nervousness" by observing that he was nervous during the proceedings and directing him to get a drink of water. The IJ, however, cannot be faulted for observing You-Gao's demeanor.

Moreover, You-Gao's testimony lacked details regarding the topic of a recent sermon he attended, which prayer groups he was part of, and the contents of fliers he handed out in China. *Cf. Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). The agency was not compelled to accept You-Gao's explanation that he "forgot" the contents of the sermon, which prayer groups he attended, and the contents of the fliers. *See Majidi*, 430 F.3d at 80-81. Moreover, the agency reasonably concluded that You-Gao's

assertion that he handed out religious fliers without knowing anything of their contents is implausible. Thus, You-Gao's demeanor, and the lack of details in and implausibility of his testimony, provide substantial support for the agency's adverse credibility determination, which is dispositive of his asylum claim. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The agency's adverse credibility determination is also dispositive of You-Gao's withholding of removal and CAT claims, as those claims depend on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4